**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SONIA SALAAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TD BANK,**<br><br>**Defendant.** | **CIVIL ACTION NO. __________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT & JURY DEMAND

Plaintiff Sonia Salaam, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff Sonia Salaam (hereinafter "Ms. Salaam" or "Plaintiff"), a former employee of Defendant TD Bank (hereinafter "TD" or "Defendant") who worked for TD at its Berlin, New Jersey location. Ms. Salaam has been harmed by Defendant's discrimination on the basis of her disabilities or because TD perceived Ms. Salaam to be disabled, by Defendant's retaliation against Ms. Salaam for seeking accommodation of her disabilities or perceived disabilities, by Defendant's retaliation against Ms. Salaam for seeking or taking leave pursuant to the Family Medical Leave Act, and by Defendant's failure to engage in a good faith, interactive process with respect to accommodating Ms. Salaam's disabilities or perceived disabilities.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the New Jersey Law Against Discrimination,

N.J.S.A. 10:5-1 et seq. ("NJLAD"), and the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

**JURISDICTIONAL STATEMENT**

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any New Jersey state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On August 24, 2018, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On October 25, 2018, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

**VENUE**

7. This action properly lies in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district and Plaintiff was employed by Defendant in this judicial district.

## PARTIES

8. Plaintiff Sonia Salaam is an adult female citizen and resident of Sicklerville, New Jersey and the United States of America.

9. Defendant TD Bank is a corporation duly organized and existing under state law, that has a business address at 247 S. White Horse Pike, Berlin, New Jersey 08009, where Ms. Salaam was employed.

10. At all times relevant hereto, Defendant TD acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with TD and in furtherance of TD's business.

11. At all times relevant hereto, Defendant is and has been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and is accordingly subject to the provisions of said laws.

12. At all relevant times, Defendant is and has been an employer employing more than 500 employees.

13. At all relevant times, Ms. Salaam was an "employee" within the meaning of the laws at issue in this matter, and is accordingly entitled to the protection of said laws.

## FACTS

14. Ms. Salaam was hired by TD on September 18, 2000.

15. During her long tenure with TD, Ms. Salaam performed her duties in an excellent manner.

16. Despite her performance, Ms. Salaam was discriminated against on the basis of her disabilities or perceived disabilities, and terminated as a result of

discrimination and in retaliation for seeking accommodation of disabilities or perceived disabilities.

17. Additionally, TD failed to engage in the requisite good-faith, interactive process with respect to accommodating Ms. Salaam's disabilities and retaliated against her for seeking or taking FMLA leave.

18. Just before Thanksgiving of 2017, Ms. Salaam suffered a heart attack that, along with the resulting and lingering health conditions associated with her heart condition, caused Ms. Salaam to be out of work.

19. TD informed Ms. Salaam, in writing, that she was permitted to be out on leave until December 8, 2017, but then abruptly terminated her on December 1, 2017, claiming that she had exhausted all available leave and inaccurately claiming that Ms. Salaam had indicated she could not return to work until December 21, 2017.

20. In addition to her recent heart issues, themselves a disability within the meaning of the ADA and NJLAD, Ms. Salaam suffers from multiple other disabilities of which TD was aware.

21. Ms. Salaam had to get a series of several surgeries on her knee beginning in approximately September of 2013.

22. Ms. Salaam took FMLA leave on multiple occasions relating to this disability.

23. Ms. Salaam also was diagnosed with colon cancer in 2005 and took FMLA in connection with her cancer and related surgery in approximately 2006 or 2007.

24. When Ms. Salaam reported her heart issues to Ariella Alpert of TD's HR Advice Channel, Ms. Alpert yelled at Ms. Salaam not to go to the doctor about these issues.

25. While Ms. Salaam was out on leave, Ms. Alpert called her on many occasions, beyond mere calls to check on the status of Ms. Salaam's leave.

26. Despite a letter from Aetna, TD's leave administrator, informing Ms. Salaam that she could remain on leave through December 8, 2017, on December 1, 2017, TD terminated Ms. Salaam, despite her offer to immediately return to work to save her job.

27. Ms. Salaam maintains that her termination was motivated by disability or perceived disability discrimination and by retaliation for Ms. Salaam's seeking accommodation of her disability in the form of limited medical leave.

28. Ms. Salaam was discriminated against on the basis of her disabilities or because TD perceived Ms. Salaam to be disabled, retaliated against for seeking accommodation of her disabilities or perceived disabilities, and retaliated against for seeking or taking leave pursuant to the Family Medical Leave Act in violation of the ADA, the NJLAD and the FMLA. Additionally, TD failed to engage in a good faith, interactive process with respect to accommodating Ms. Salaam's disabilities or perceived disabilities in violation of the ADA and the NJLAD.

29. Ms. Salaam has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

30. Defendant's agents and employees all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Ms. Salaam severe emotional distress.

31. Ms. Samuels has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Defendant.

**COUNT I**
**The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

32. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

33. Based on the foregoing, Defendant TD has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

34. In discriminating against Ms. Salaam because of her disabilities and/or because TD regarded Ms. Salaam as disabled, in terminating Ms. Salaam as a result of discrimination and in retaliation for her seeking accommodation of her disabilities, and in failing and refusing to engage in a good faith, interactive process with respect to Ms. Salaam's requests for reasonable accommodation of her disabilities, Defendant TD violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

35. Said violations were intentional and willful.

36. Said violations warrant the imposition of punitive damages.

37. As the direct and proximate result of Defendant's violations of the Americans with Disabilities Act, Plaintiff Sonia Salaam has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future

earning power, as well as back pay, front pay, interest due thereon, and has incurred attorneys' fees and costs.

**COUNT II**
**New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.**

38. Plaintiff Sonia Salaam repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

39. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the New Jersey Law Against Discrimination.

40. In discriminating against Ms. Salaam because of her disabilities and/or because TD regarded Ms. Salaam as disabled, in terminating Ms. Salaam as a result of discrimination and in retaliation for her seeking accommodation of her disabilities, and in failing and refusing to engage in a good faith, interactive process with respect to Ms. Salaam's requests for reasonable accommodation of her disabilities, Defendant TD violated the NJLAD.

41. Said violations were intentional and willful.

42. Said violations warrant the imposition of punitive damages.

43. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Sonia Salaam has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon.

44. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

**COUNT III**
**The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.**

45. Plaintiff Sonia Salaam repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

46. Defendant TD's conduct, in retaliating against Plaintiff for taking or seeking to take leave pursuant to the Family and Medical Leave Act, violated the FMLA.

47. TD's violations of the FMLA were intentional and willful as TD knew or should have known of the requirements of the FMLA.

48. Said violations warrant the imposition of liquidated damages.

49. As a direct and proximate result of Defendant TD's violations of the FMLA, Plaintiff Sonia Salaam has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

50. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Sonia Salaam respectfully requests that this Court enter judgment in her favor and against Defendant and Order:

a. Appropriate equitable relief;

b. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

d. Defendant pay Plaintiff punitive damages;

e. Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f. Defendant pay Plaintiff's costs of bringing this action and her attorneys' fees;

g. Plaintiff be granted any and all other remedies available pursuant to the ADA, the NJLAD and the FMLA; and

h. Such other and further relief as is deemed just and proper.

**JURY DEMAND**

51. Plaintiff Sonia Salaam hereby demands trial by jury as to all issues so triable.

By: ______________________________

Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2500
Attorneys for Plaintiff
Sonia Salaam

DATE: January 22, 2019